[Civil No. 958.    Filed March 30, 1906.]

[85 Pac. 482.]

## WILLIAM EPPERSON, Plaintiff and Appellant, v. JOHN W. CROZIER, Defendant and Appellee.

1. SALES—BILL OF SALE—ACKNOWLEDGMENT—NECESSITY—EVIDENCE—
LAWS 1897, ACT No. 6, SECS. 55, 57, CONSTRUED.—In an action by a purchaser to recover from the vendor for the value of animals purchased which were unlawfully converted and disposed of to his own use by defendant, the vendor, a bill of sale is admissible in evidence, although unacknowledged, notwithstanding section 57, *supra*, provides that upon the sale of horses or cattle the actual delivery shall be accompanied by a written bill of sale from the vendor, signed and acknowledged by him, and that upon the trial of one charged with theft of any such animal the possession of said animal by the accused without his having such bill of sale shall be *prima facie* evidence that such possession is illegal; and section 55, *supra*, provides that no person, in originally branding animals, shall make use of more than one brand, provided, that any person may own or possess such animals in many marks and brands, the same having been acquired by purchase or any other lawful manner, and bills of sale in writing, properly acknowledged by the previous owner shall be sufficient evidence of such purchase.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Mohave. Richard E. Sloan, Judge.    Reversed and remanded.

The facts are stated in the opinion.

E. M. Sanford, for Appellant.

This is a suit between the parties to the contract evidenced by the bill of sale, and no acknowledgment was required. The acknowledgment is not an essential part of the instrument. As to parties and persons with actual notice, neither

an imperfect acknowledgment nor a total want of acknowledgment affects the validity of the instrument unless there is some special penalty created by statute. *Sicard* v. *Davis,* 6 Pet. 124, 8 L. Ed. 342, 3 Ross's Notes U. S. S. Ct. 237; 1 Ency. of Law, 2d ed., p. 488, note 4; *Morrow* v. *State,* 22 Tex. App. 239, 2 S. W. 624-626.

Under a statute in Texas Code, arts. 4562, 4563, 4564, similar to sec. 57, art. 6, Laws 1897 (Ariz.), it was held that the title passed even without bill of sale, if it can be proved that it was *bona fide* made. *Wells* v. *Littlefield,* 59 Tex. 556, 561. And it was held that the legal effect of an unacknowledged bill of sale was to pass the title. *Morrow* v. *State,* 22 Tex. App. 239, 2 S. W. 624, 626; *Rankin* v. *Bell,* 85 Tex. 28, 19 S. W. 877; *Swan* v. *Larkin,* 8 Tex. Civ. App. 421, 28 S. W. 217.

Herndon & Norris, for Appellee.

The statute under consideration is in its nature, frame, and evident object, closely akin to and of the same class as section 17 of the statute of frauds, and should be similarly construed,—i. e. strictly. The attempted sale sought to be proven was void under the statute for want of delivery, and for want of a bill of sale in the form and acknowledged (executed) in accordance with law. The paper offered was clearly ineffectual either to pass title or to show ownership or right of possession in plaintiff to any animal such as is involved in this suit (*Hunt* v. *Bullock,* 23 Ill. 258, 320), and therefore could not base an action for trover and conversion. . . . It would seem that the authorities cited by appellant are based on statutes requiring acknowledgment as a prerequisite to record merely, and not, as in the statute under consideration, as a part of the execution of the instrument. We take it the requirement for acknowledgment of a bill of sale on a sale of cattle is analogous to the statutes requiring acknowledgments in certain forms by married women. It has been almost universally held that under these statutes an unacknowledged deed, or a defectively acknowledged deed, is void and passes no title. The statute does not go to the right of sale, but to the manner of execution of the conveyance. *Danglarde* v. *Elias,* 80 Cal. 65, 22 Pac. 69; *Hollingsworth* v. *Flint,* 101 U. S. 591, 25 L. Ed. 1028.

NAVE, J.—The appellant, William Epperson, brought suit in the district court of Mohave County to recover twenty-five hundred dollars alleged to be the value of mares and colts purchased by plaintiff from defendant on April 2, 1901, and "unlawfully converted and disposed of, to his own use, by defendant" in April, 1903, while still in defendant's possession.

The first assignment of error is that the court erred in rejecting a paper offered in evidence by plaintiff, purporting to be a bill of sale dated April 2, 1901, signed by defendant, whereby defendant sold to plaintiff "all mares branded 'DR' on left hip and all sucking colts for the sum of $200," purchaser "agreeing to take them all off the range within six months from date." This instrument was not acknowledged, and was objected to by defendant upon that ground alone. The objection was sustained. Act No. 6 (p. 9) of the legislature of 1897, was in effect at the time of the execution of this bill of sale. Section 57 (p. 28) thereof provides as follows: "Upon the sale, alienation, or transfer of any horses, mules, asses, or neat cattle by any person in this territory, the actual delivery of such animals shall be accompanied by a written bill of sale from the vendor or the party selling to the party purchasing, giving the number, kind, marks and brand of each animal sold and delivered, which bill of sale shall be signed by the party giving the same, and shall be acknowledged by him as his act and deed before some officer authorized under the laws of the territory to take acknowledgment of deed of conveyance; and upon the trial of any person charged with the theft, unlawful possession, handling, driving or killing of any such animal as is mentioned in this section, the possession of such animal by the accused without his having a duly written and acknowledged bill of sale therefor, such as is required by the provisions of this section, shall be *prima facie* evidence against the accused that such possession was illegal. . . ." Section 55 (p. 27) of the same act is as follows: "No person owning or claiming shall in originally marking or branding horses, mules, asses, or neat cattle, make use of or keep up more than one mark or brand; provided, that any person may own or possess such animals in many marks and brands, the same having been by him acquired by purchase or any other lawful manner, and bills of sale in writing, properly

acknowledged by the previous owner or owners of the animal or animals having such brands, or from the heirs, executors, administrators, or legal representatives of such owner or owners, shall be sufficient evidence of such purchase. . . ." The penalty of being *prima facie* a thief is attached to one who purchases and takes possession of animals enumerated in the act without having a bill of sale complying in all respects with the requirements of the act; and a bill of sale complying with the act carries with it proof of its execution, and is made "sufficient evidence" of such sale; but that a bill of sale of such animals must be acknowledged, and otherwise must comply with the provisions of section 57, *supra*, in order that it may be admissible as evidence of a sale, is not expressly prescribed. Such a rule of evidence should not be based upon implication. The objection to the introduction in evidence of this paper went only to its failure to comply with the section of the statute in question. This objection should have been overruled, and the instrument received.

It is unnecessary to consider the other assignments of error.

The judgment is reversed, and the case is remanded to the district court for a new trial.

KENT, C. J., DOAN, J., and CAMPBELL, J., concur.